IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM DAVID HARCOURT, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-22-113-PRW |
| ) | |
| CHAD DENNIS, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is United States Magistrate Judge Suzanne Mitchell's Report & Recommendation (Dkt. 9), recommending the habeas petition in the above titled case be dismissed without prejudice, and Petitioner William David Harcourt's Objection to the Magistrate's Report & Recommendation (Dkt. 10). For the reasons below, the Court **ADOPTS** the Report & Recommendation (Dkt. 9) and **DISMISSES** the Petition (Dkt. 1).

### *Background*

In 1988, Petitioner William David Harcourt pled guilty in Oklahoma state court to one count of first-degree murder.[1] For his crime, Harcourt received a life sentence. Twenty-two years into that sentence, the Supreme Court of the United States decided *McGirt v. Oklahoma*.[2] *McGirt* held that land once reserved for the Creek Nation in what now lies

---

[1] Harcourt would later unsuccessfully attempt to withdraw his guilty plea.

[2] 140 S. Ct. 2452 (2020).

1

within the geographic boundaries of the State of Oklahoma remains "Indian country" under the Major Crimes Act. That meant "only the federal government, not the state, may prosecute Indians for major crimes"—like murder—"committed in Indian country."[3]

Less than a year after *McGirt* was decided, Harcourt filed an application for postconviction relief in state court, arguing that his life sentence must be reversed and that he must be set free. That is because, Harcourt argued, the state court that convicted him in 1988 lacked jurisdiction. His crime occurred on an Indian reservation, and he is an Indian. And according to Harcourt, *McGirt* made clear that only the federal government—not the state—had the power to prosecute him for his crime. The state trial court denied his application for relief, and the Oklahoma Court of Criminal Appeals affirmed.

Two weeks later, Harcourt, proceeding pro se, brought this habeas petition under 28 U.S.C. § 2254 in this Court. He seeks relief from his conviction and life sentence for the same reason he did in state court: *McGirt* made clear that the State lacked jurisdiction to prosecute him. The case was referred to Magistrate Judge Suzanne Mitchell, who issued a Report & Recommendation recommending that the Court dismiss Harcourt's petition without prejudice.[4]

---

[3] *Id.* at 2478; *see also Oklahoma v. Castro-Huerta*, 597 U.S. __ (2022) (slip op., at 1) (clarifying that the State still retains "jurisdiction to prosecute crimes committed by non-Indians against Indians in Indian country").

[4] R. & R. (Dkt. 9), at 14. District Courts may sua sponte dismiss a petition for writ of habeas corpus if its untimeliness is "clear from the face of the petition itself." *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008).

Magistrate Judge Mitchell concluded Harcourt's petition was not timely filed under the time limits established by the Antiterrorism and Effective Death Penalty Act (AEDPA).[5] AEDPA established a one-year period during which an inmate in state custody can file a federal habeas petition challenging a state conviction.[6] When that one-year period starts is not as straightforward as it initially sounds. AEDPA provides four alternative start dates for the limitations period.[7] And even if a petition is not filed within that period, the petition is subject to equitable tolling in some circumstances.[8] After carefully analyzing each of these statutory provisions and considering equitable tolling, Magistrate Judge Mitchell concluded that Harcourt's petition was untimely.[9]

Harcourt timely filed an objection and response (Dkt. 10). He argues that Magistrate Judge Mitchell erred in five ways: (1) by denying him statutory tolling for state post-conviction actions under section 2244(d)(2); (2) by failing to consider whether he qualifies for a later AEDPA period start date pursuant to section 2244(d)(1)(B); (3) by failing to calculate a later AEDPA period start date pursuant to section 2244(d)(1)(C); (4) by failing to calculate a later AEDPA period start date pursuant to section 2244(d)(1)(D); and (5) by

---

[5] Pub. L. No. 104–132, 110 Stat. 1214 (1996).

[6] *See* 28 U.S.C. § 2244(d)(1).

[7] *See* § 2244(d)(1)(A)–(D). AEDPA also provides a tolling provision for properly filed state post-conviction actions. *See* § 2244(d)(2).

[8] *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

[9] R. & R. (Dkt. 9), at 8–14.

concluding subject matter jurisdiction claims can be time barred. Harcourt also objects to the Court referring the matter to Magistrate Judge Mitchell.

*Discussion*

Harcourt has failed to demonstrate that Magistrate Judge Mitchell erred in finding his petition untimely. The Court considers and rejects each of his objections in turn.

**1.) Section 2244(d)(2) statutory tolling.**

First, Harcourt objects to Magistrate Judge Mitchell's conclusion that he does not qualify for statutory tolling for state post-conviction actions under section 2244(d)(2).[10] Harcourt applied for state post-conviction relief in May 2021. That state post-conviction relief process became final in January 2022, when the Oklahoma Court of Criminal Appeals denied his application for relief. Harcourt argues that section 2244(d)(2) allowed him to file this federal habeas petition one year after the state process became final. And since he filed his petition in this Court just two weeks after the Court of Criminal Appeals order, his federal habeas petition is timely.

Harcourt misinterprets section 2244(d)(2). While that provision allows for the tolling of the AEDPA limitations period while a properly filed state post-conviction action is pending, the tolling only applies to state post-conviction actions filed within one year of the initial conviction becoming final.[11] Here, Harcourt's conviction became final on May

---

[10] *See* Pet'r's Objection to R. & R. (Dkt. 10), at 5.

[11] *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

28, 1988.[12] But he did not file the state post-conviction action at issue here until almost 23 years later. Therefore, that state post-conviction action was not filed within one year of the initial conviction becoming final and cannot be a basis for section 2244(d)(2) tolling. Magistrate Judge Mitchell correctly concluded that section 2244(d)(2) does not apply to Harcourt's petition.

**2.) Section 2244(d)(1)(B).**

Second, Harcourt objects to Magistrate Judge Mitchell's failure to consider whether he qualifies for a later AEDPA period start date pursuant to section 2244(d)(1)(B). That provision provides that a federal habeas petition may be filed within one year of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."[13] Harcourt claims that "an unconstitutional impediment prevented him from raising" his Indian Country jurisdiction claims "before any court."[14] He does not explain what that impediment was, but it appears that Harcourt is referring to the State's longstanding position that it had jurisdiction over the crimes at issue in *McGirt*

---

[12] *See Jones v. Patton*, 619 F. App'x 676, 678–79 (10th Cir. 2015) (noting that in Oklahoma, convictions on guilty pleas become final if the defendant does not file an appeal within ten days after the entry of judgment and sentence); *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (same). As Magistrate Judge Mitchell correctly explained, Harcourt was sentenced on May 18, 1988, and did not file a motion to withdraw his plea or appeal within ten days. So, ten days later, May 28, 1988, his conviction became final.

[13] § 2244(d)(1)(B).

[14] Pet'r's Objection to R. & R. (Dkt. 10), at 6.

and the likelihood that courts would agree with this position.[15] Whatever the impediment, Harcourt claims that it was not removed until the decision in *McGirt*, thereby allowing his AEDPA period to begin running at that time.

    Harcourt has failed to show that the State created an impediment that prevented him from filing his habeas petition within a year of his conviction becoming final. Section 2244(d)(1)(B), "applies only when a state-created 'impediment' 'prevented' an inmate from filing his application."[16] The impediment must make the petitioner "incapable of filing a timely habeas petition."[17] Tenth Circuit caselaw "shows [section] 2244(d)(1)(B) typically applies when the state thwarts a prisoner's access to the courts, for example, by denying an inmate access to his legal materials or a law library."[18]

    Harcourt does not allege that the State actively thwarted his access to the courts in this way. Rather, he appears to claim that any attempt to pursue a habeas petition prior to *McGirt* would have been futile. But expected futility of a legal claim is not a valid justification for filing an untimely section 2254 petition.[19] And for good reason. There is an important difference between an impediment and futility: "'impediment' speaks to

---

[15] *See id.* at 6-7.

[16] *Garcia v. Hatch*, 343 F. App'x 316, 319 (10th Cir. 2009).

[17] *Id.*

[18] *Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020).

[19] *See Heuston v. Bryant*, 735 F. App'x 964, 967–68 (10th Cir. 2018) (concluding that "reasonable jurists could not debate the correctness . . . of the district court's" conclusion that futility of a legal claim "is not a valid justification for filing an untimely § 2254 petition").

hindering an effort while the term 'futile' speaks to an unsuccessful result of an already undertaken effort."[20] Thus, section 2244(d)(1)(B) is focused on the front end of a habeas challenge—the state preventing a prisoner from *filing* a suit—not the back-end *result* on the merits once the petition is filed. Although "an effort by [Harcourt] to obtain habeas relief prior to [*McGirt*] may have been" unlikely to "produc[e] a successful result, the effort itself was still possible."[21] Thus, the State's legal position did not "prevent[]" Harcourt "from filing" a habeas petition and section 2244(d)(1)(B) does not apply in this case.

**3.) Section 2244(d)(1)(C).**

Third, Harcourt argues that Magistrate Judge Mitchell erred by refusing to calculate a later AEDPA period start date pursuant to section 2244(d)(1)(C).[22] That provision provides that a federal habeas petition may be filed within one year of "the date on which the constitutional right asserted [in the petition] was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[23] To show that *McGirt* provides a later AEDPA start date under section 2244(d)(1)(C), Harcourt must prove two things: (1) that *McGirt*

---

[20] *Minter v. Beck*, 230 F.3d 663, 666 (4th Cir. 2000).

[21] *Id.* The *Minter* court was faced with an argument similar to the one advanced by Harcourt. There, the habeas petitioner argued that existing state court caselaw would have foreclosed the petitioner's substantive claim and was thus an "impediment" under section 2244(d)(1)(B). The court rejected that argument, noting that precedent foreclosing a legal theory does not thwart a prisoner's access to the courts or prevent the petitioner from filing a habeas petition. The Court finds the reasoning of *Minter* persuasive, consistent with Tenth Circuit caselaw, and adopts it here.

[22] *See* Pet'r's Objection to R. & R. (Dkt. 10), at 6.

[23] § 2244(d)(1)(C).

recognized a new constitutional right and (2) that the right was "made retroactively applicable to cases on collateral review."[24]

Neither the Supreme Court nor Tenth Circuit have directly addressed this question.[25] However, several federal district court judges "have rejected the proposition that the date of the *McGirt* decision should be used as the commencement date under [section] 2244(d)(1)(C) for habeas challenges to state-court jurisdiction."[26] These judges have reached this conclusion at step one of the section 2244(d)(1)(C) analysis, concluding that *McGirt* did not newly recognize a constitutional right for two reasons. First, several judges have held that *McGirt* did not recognize a "constitutional right" because the case turned on issues of statutory interpretation and congressional action.[27] Second, at least one judge concluded that the *McGirt* right—whether constitutional or not—was not a "newly recognized" right.[28]

---

[24] § 2244(d)(1)(C).

[25] *McGirt* specifically left this question open. *See* 140 S. Ct. at 2479 (explaining that "defendants who do try to challenge their state convictions may face significant procedural obstacles, thanks to well-known state and federal limitations on postconviction review in criminal proceedings").

[26] *Jones v. Pettigrew*, No. CIV-18-633, 2021 WL 3854755, at *3 (W.D. Okla. Aug. 27, 2021); *see, e.g.*, *id.*; *Baker v. Breslin*, No. CIV-21-0126, 2022 WL 1251305, at *4 (N.D. Okla. April 27, 2022); *Sanders v. Pettigrew*, No. CIV-20-350, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021); *Littlejohn v. Crow*, No. CIV-18-0477, 2021 WL 3074171, at *5 (N.D. Okla. July 20, 2021); *Berry v. Braggs*, No. CIV-19-0706, 2020 WL 6205849, at *7 (N.D. Okla. Oct. 22, 2020).

[27] *See, e.g.*, *Berry*, 2020 WL 6205849, at *7; *Littlejohn*, 2021 WL 3074171, at *5; *see also Donahue v. Harding*, No. 21-CIV-183, 2021 WL 4714662, at *4 (W.D. Okla. Sept. 15, 2021) (R & R), *adopted*, 2021 WL 4711680 (W.D. Okla. Oct. 8, 2021).

[28] *See Sanders*, 2021 WL 3291792, at *5.

While the Tenth Circuit has not weighed in on this question directly, one panel addressed a similarly worded provision of AEDPA in the *McGirt* context. In *In re Morgan*, the court held that *McGirt* was not a new rule of constitutional law under a different subsection of section 2244.[29] The court concluded that *McGirt* "cited well-established precedent and reviewed Congressional action to determine whether a federal statute applied. That hardly speaks of a 'new rule of constitutional law' [under section] 2244(b)(2)(A)."[30]

Although addressing a different AEDPA provision, the Court finds *In re Morgan*'s reasoning particularly relevant to this case[31] because of the traditional principle of statutory interpretation sometimes called the "presumption of consistent usage:" the idea that a word or phrase is generally presumed to bear the same meaning throughout a statute.[32] *In re Morgan* interpreted a nearly identical set of relevant terms and phrases in the same statutory

---

[29] No. 20-6123 (10th Cir. Sept. 18, 2020) (slip op., at 4) (order denying authorization to file a second or successive § 2254 habeas petition).

[30] *Id.*

[31] To be sure, the subsequent retroactivity analysis in *In re Morgan* is not applicable here. Unlike under section 2244(b)(2)(A) at issue there, lower courts are able to recognize the retroactivity of constitutional rights (as opposed to recognizing the right in the first place) under section 2244(d)(1)(C). *See Wiegand v. United States*, 380 F.3d 890, 892 (6th Cir. 2004); *United States v. Swinton*, 333 F.3d 481, 487 (3d Cir. 2003); *Fischer v. United States*, 285 F.3d 596, 599–600 (7th Cir. 2002); *United States v. Lopez*, 248 F.3d 427, 431 (5th Cir. 2001); *United States v. Sanders*, 247 F.3d 139, 146 n.4 (4th Cir. 2001).

[32] *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 170–73 (2012); *see, e.g., Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) (rejecting an interpretation of a statute that would require "giving the word 'filed' two different meanings in the same section of the statute").

section at issue in this case.[33] More importantly, the key statutory term in this case, whether *McGirt* is a "constitutional" ruling, is the exact same term in both subsections. This suggests that Congress meant the term to bear the same meaning in both subsections,[34] and *In re Morgan* already interpreted *McGirt* to not be constitutional under one subsection.[35]

In light of traditional principles of statutory interpretation, the Court finds that "constitutional" should be given the same meaning in section 2244(d)(1)(C) and section 2244(b)(2)(A). Thus, for the reasons explained by *In re Morgan*, *McGirt* did not create a "constitutional" right under section 2244(d)(1)(C).[36] Harcourt is therefore unable to avail himself of the limitations period in section 2244(d)(1)(C) because the *McGirt* right asserted in his petition is not a "newly recognized" "*constitutional* right."

**4.) Section 2244(d)(1)(D).**

Fourth, Harcourt argues that Magistrate Judge Mitchell erred by refusing to calculate a later AEDPA period start date pursuant to section 2244(d)(1)(D).[37] That provision "provides that a federal habeas petition may be filed within one year of 'the date on which the factual predicate of the claim . . . presented could have been discovered

---

[33] *Compare* § 2244(b)(2)(A) ("new rule of constitutional law"), *with* § 2244(d)(1)(C) ("constitutional right . . . newly recognized").

[34] *See Silver*, 447 U.S. at 826.

[35] *See* No. 20-6123 (10th Cir. Sept. 18, 2020) (slip op., at 4). To be clear, the Court relies on *In re Morgan* and other unpublished decisions of the Tenth Circuit for their persuasive value, consistent with Tenth Cir. R. 32.1 and Fed. R. App. P. 32.1.

[36] *See In re Morgan*, No. 20-6123 (10th Cir. Sept. 18, 2020) (slip op., at 4).

[37] *See* Pet'r's Objection to R. & R. (Dkt. 10), at 6.

through the exercise of due diligence.'"[38] Harcourt argues that the date on which the factual predicate of his claim could have been discovered was the date *McGirt* recognized exclusive federal jurisdiction over Indian on Indian crime in much of eastern Oklahoma.[39]

But section 2244(d)(1)(D) does not apply to Harcourt's claims. Under section 2244(d)(1)(D), "the limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim," not the date on which he "understand[s] the legal significance of those facts."[40] Magistrate Judge Mitchell correctly found that "the alleged factual bases of Petitioner's claim are that he is a member of the Cherokee Tribe and the crimes occurred within tribal jurisdiction."[41] Those are the two bases on which Harcourt argues the state lacked jurisdiction to prosecute him for his crime.[42] But Harcourt knew (or could have reasonably discovered) these facts at the time he was convicted. *McGirt* certainly did not alert Harcourt to these facts. All *McGirt* did was alert Harcourt to "the legal significance of those facts."[43] Therefore, Magistrate Judge Mitchell correctly concluded that section 2244(d)(1)(D) does not make Harcourt's petition timely.[44]

---

[38] *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (quoting § 2244(d)(1)(d)).

[39] *See* Pet'r's Objection to R. & R. (Dkt. 10), at 6.

[40] *Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011).

[41] R. & R. (Dkt. 9), at 13.

[42] *See* Pet. (Dkt. 1), at 4; Pet'r's Objection to R. & R. (Dkt. 10), at 3–5.

[43] *Klein*, 437 F. App'x at 684.

[44] Even if Harcourt's argument were accepted, it is not clear that the date *McGirt* was decided would be the date on which the factual predicate could have been discovered through the exercise of due diligence. Harcourt's petition acknowledges that it was the Tenth Circuit's decision in *Murphy v. Royal*, 875 F.3d 986 (10th Cir. 2017), that alerted him to the idea that the State may have lacked jurisdiction to prosecute him. *See* Pet. (Dkt.

**5.) Statutory limitations on bringing jurisdictional claims.**

Nevertheless, Harcourt seeks to resist the conclusion that his petition is untimely by arguing that regardless of section 2244(d)'s limitations, "subject-matter jurisdiction has been recognized as a requirement that cannot be waived and can be challenged at any time."[45] But "[a]s with any other habeas claim," section 2254 claims predicated on the convicting court's lack of jurisdiction are "subject to dismissal for untimeliness."[46] Harcourt appears to suggest that, as a matter of Supreme Court precedent (and possibly constitutional principles like due process), no federal statute of limitations can prohibit him from challenging the State's subject matter jurisdiction in federal court.[47] But as the Tenth Circuit has explained, there is nothing wrong with federal statutory limitations that prohibit challenging final convictions on subject matter jurisdiction grounds, as the Supreme Court has often refused to apply subject matter jurisdiction rulings

---

1), at 4. But Harcourt did not file his state habeas application until three and a half years after *Murphy* was decided and his federal habeas petition some four years after *Murphy* was decided—periods that would exceed the one-year post factual predicate discovery extension provided by section 2244(d)(1)(D).

[45] Pet'r's Objection to R. & R. (Dkt. 10), at 7.

[46] *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (rejecting a habeas petitioner's argument that "subject matter jurisdiction can never be waived and therefore he can never be barred from raising the issue"); *see also United States v. Patrick*, 264 Fed. App'x 693, 695–96 (10th Cir. 2008).

[47] *See* Pet'r's Objection to R. & R. (Dkt. 10), at 7.

retroactively.[48] Thus, that Harcourt's claims raise issues of subject matter jurisdiction does not prevent the application of section 2244(d)'s timeliness limitations.[49]

### 6.) Magistrate's Report & Recommendation.

Finally, Harcourt "object[s] to the making of the Magistrate R & R," arguing that LCvR 73.1 requires that he consent to Magistrate Judge Mitchell issuing a Report & Recommendation in this case.[50] But LCvR 73.1 does not apply to this case. That rule governs proceedings referred to a magistrate judge pursuant to 28 U.S.C. § 636(c).[51] This proceeding was referred under section 636(b)(1)(B), which allows the Court to refer habeas petitions to a magistrate judge without the consent of the parties. Therefore, this matter was properly before Magistrate Judge Mitchell, who had a statutory duty to file a Report & Recommendation once the matter was referred to her.[52]

### *Conclusion*

Harcourt has failed to demonstrate that Magistrate Judge Mitchell's conclusion—that his habeas petition must be dismissed as untimely—is erroneous. Accordingly, the Court **ADOPTS** the Report & Recommendation (Dkt. 9) and **DISMISSES** the Petition

---

[48] *See United States v. Cuch*, 79 F.3d 987, 990–995 (10th Cir. 1996).

[49] Other judges in this district faced with this issue in post-*McGirt* habeas petitions have reached the same conclusion. *See, e.g.*, *Jones*, 2021 WL 3854755, at *3.

[50] Pet'r's Objection to R. & R. (Dkt. 10), at 7.

[51] *See* LCvR 73.1(a).

[52] *See* § 636(b)(1)(C) ("[T]he magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the [district] court[.]").

(Dkt. 1) without prejudice. Because this case is being dismissed, the Court also **DENIES AS MOOT** Petitioner's Motion Requesting to Stay Proceeding (Dkt. 5).[53]

**IT IS SO ORDERED** this 11th day of July 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[53] Before a habeas petitioner may appeal the dismissal of a section 2254 petition, he must obtain a Certificate of Appealability (COA). *See Vreeland v. Zupan*, 906 F.3d 866, 875 (10th Cir. 2018) (citing 28 U.S.C. § 2253(c)(1)(A)). A COA may issue only upon "a substantial showing of the denial of a constitutional right." § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite showing is not met in this case. Therefore, a COA is **DENIED**.